NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT PEREZ, | No. 22-16652 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-03207-EJD |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted November 13, 2023[**]
San Jose, California

Before: GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Robert Perez appeals the judgment in favor of Unum Life Insurance

Company in his lawsuit asserting that Unum violated the Employee Retirement

Income Security Act of 1974 ("ERISA") when it terminated his disability benefits.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Unum terminated Perez's long-term disability benefits after concluding he was no longer "totally disabled" because he could perform sedentary work. Reviewing the district court's findings of fact for clear error, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc), and interpreting the disability insurance policy de novo, *Blankenship v. Liberty Life Assurance Co. of Bos.*, 486 F.3d 620, 624 (9th Cir. 2007), we affirm.

First, the district court did not adopt new rationales presented for the first time in litigation. *See Collier v. Lincoln Life Assurance Co. of Bos.*, 53 F.4th 1180, 1188 (9th Cir. 2022) (holding that a district court applying de novo review errs under ERISA when it adopts rationales not relied on during the administrative process). All of the challenged portions of the district court's order reflect reasoning on which Unum relied in its denial letters. Given the arguments that Perez made during the administrative process, it cannot be said that he was "sandbagged" by the rationales advanced and adopted in litigation. *Id.* at 1186 (quoting *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 720 (9th Cir. 2012)). The challenged portions of the district court's order were simply direct responses to Perez's litigation arguments.

Second, Perez argues that we should interpret the consideration of an insured's "station in life" in his insurance policy to require that alternative occupations pay at least 80% of pre-disability earnings, but we cannot seize on any

2

potential ambiguity to add a contract term. *See Baker v. Nat'l Interstate Ins. Co.*, 103 Cal. Rptr. 3d 565, 572 (Ct. App. 2009). In support of his proposed 80% threshold, Perez cites a settlement agreement involving a *different* insurance company as well as provisions in his policy defining "partial disability" and discussing how much a claimant can earn before benefits will be terminated. These materials do not help Perez. Even assuming the settlement document is properly before us, it is a private agreement between other parties and does not purport to reflect a California legal requirement governing how much alternative occupations must pay. Perez's claim was not a partial disability claim. Even if it had been, the definition of partial disability that applies to those like Perez who have received 24 months of benefits does not incorporate the 80% threshold that applies during the first 24 months. And although Unum could have based the relevant definition of total disability on income—as it did for the first 24 months of partial disability benefits—it did not do so in the definition at issue. We decline to read into the definition of total disability Unum's general ceiling for terminating benefits.

Third, contrary to Perez's contentions, the policy does not bar consideration of alternative occupations that require minimal on-the-job training. Perez argues that Unum may consider only jobs that he "can do now." But the policy requires only that alternative occupations be those that Perez "could reasonably be expected

3

to perform satisfactorily" in light of the listed factors. It is reasonable to expect an insured who has the overall qualifications and skills to perform a job to undergo the typical on-the-job training for any new hire. After listing Perez's skills, the vocational consultant stated that Perez "would be familiar with the material duties" of the alternative occupations and would need to learn only proprietary software, just as any other new employee would. Perez did not provide any evidence to the contrary.

**AFFIRMED.**